Thomas P. Fabley, J.
This petition by the Motor Vehicle Accident Indemnification Corporation (MVAIC) to vacate a demand for arbitration is opposed by a cross motion to dismiss on the ground that the proceeding is not properly returnable in this court. The petition also requests that the claim of the respondent be dismissed for failure to file a notice of claim within the prescribed 90-day period (Insurance Law, § 608).
The papers indicate that the respondent is a resident of Kings County, and that the accident from which this claim arises occurred in New York County where the arbitration proceedings were instituted. The office of the MVAIC is also located in the latter county.
The first paragraph of section 1459 of the Civil Practice Act provides, in part, as follows: ‘ ‘ Arbitration of a controversy under a contract or submission * * * shall be deemed a special proceeding, of which the court specified in the contract or submission, or if none be snecified, the supreme court for *788 the county in which one of the parties resides or is doing business * * * shall have jurisdiction’’. (Italics supplied.)
The petitioner’s theory is that the MVAIC must be considered to be doing business throughout the State because it has exclusive jurisdiction of claims arising under the uninsured motorist indorsement which is required to be attached to every automobile liability policy issued in this State. The MVAIC may administer the claims made against uninsured motorists, but it does not issue the insurance. The insurance policies are written and the premiums collected by the companies doing business in the State. The MVAIC may not be deemed to be doing business in this county simply from the fact the uninsured motorist indorsements are annexed to insurance policies issued here. There is, moreover, no intention expressed in the act (Insurance Law, art. 17-A) to confer upon the MVAIC the right to initiate proceedings in any forum within the State without regard to the place of the happening of the accident or the residence of the claimant. A contrary construction would permit the MVAIC to “ shop ” for a forum, as it admitted on the argument it is doing here, because of the unfavorable ruling of the Appellate Division, First Department, as to the scope of the arbitration clause in the uninsured motorist indorsement. (See Motor Vehicle Acc. Ind. Corp. v. Velez, 14 A D 2d 276.) This practice is to be discouraged, particularly when it can cause hardship and injustice to claimants who reside great distances from the chosen forum.
The venue of instant proceeding should therefore be laid in accordance with the second paragraph of section 1459 of the Civil Practice Act, which provides: ‘ ‘ Any application to the court, or a judge thereof, hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.” Rule 63 of the Rules of Civil Practice provides that motions must be made within the judicial district in which the action is triable or in a county adjoining the county in which it is triable. Under that rule, this proceeding is not properly returnable in Nassau County.
The cross motion to dismiss the petition is accordingly granted with leave to petitioner to renew in the proper venue. This determination makes it unnecessary to pass upon the merits of the petition.